## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| Anesthesia Associates of Ann Arbor, PLLC, | ) ) ) | |
| Plaintiff/Counter-Defendant, | ) ) ) | Case No: 2:20-cv-12916-TGB-APP |
| v. | ) ) | Judge Terrence G. Berg |
| BLUE CROSS BLUE SHIELD OF MICHIGAN, | ) ) ) | Magistrate Judge Anthony P. Patti |
| Defendant/Counter-Plaintiff. | ) ) ) ) ) | |

## QUALIFIED PROTECTIVE ORDER CONCERNING CONFIDENTIALITY

In the interests of (i) promoting an efficient and prompt resolution of this action; (ii) facilitating discovery by the parties litigating this action; and (iii) protecting the parties' and non-parties' confidential information from improper disclosure or use, Plaintiff Anesthesia Associates of Ann Arbor, PLLC ("A4") and Defendant Blue Cross Blue Shield of Michigan Mutual Insurance Company ("BCBSM") (collectively, the "Parties") have stipulated to the provisions set forth below. Upon good cause shown, pursuant to Federal Rule of Civil Procedure 26(c)(1)(G) and Eastern District of Michigan Local Rule 26.4, the Court ORDERS as follows:

## A.    DEFINITIONS

1.    As used in this Protective Order:

(a)    "Confidential Information" means any trade secret or other confidential research, development, or commercial information, as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G), or any document, transcript, or other material containing such information.

(b)    "Confidential Health Information" means sensitive personal health information, and encompasses any patient health information protected by any state or federal law, including, but not limited to, "Protected Health Information," as defined herein.

(c)    "Defendant" means Blue Cross Blue Shield of Michigan Mutual Insurance Company, as well as its predecessor, Blue Cross Blue Shield of Michigan, and all employees, agents, and representatives of those persons or entities.  The two companies merged on December 31, 2013, and Blue Cross Blue Shield of Michigan Mutual Insurance Company remained as the surviving company.

(d)    "Disclosed" means shown, divulged, revealed, produced, provided, described, transmitted, served, or otherwise communicated, in whole or in part.

(e)    "Document" means documents or electronically stored information as defined in Federal Rule of Civil Procedure 34(a).

(f)     "Outside   Attorneys'   Eyes   Only   Information"   means Confidential Information that is of such a commercially or competitively sensitive nature that disclosure to the persons listed in Paragraph 11(a)(ix) of this Protective Order would present a specific risk of serious injury even if the information were designated as Confidential Information.   If a party believes in good faith that Confidential Information meets this definition, it may also be designated "Outside Attorneys' Eyes Only Information."

(g)     "Person"   means   any   natural   person,   corporate   entity, partnership, association, joint venture, governmental entity, or trust.

(h)     "Plaintiff"   means   A4,   and   all   employees,   agents,   and representatives of A4.

(i)     "Protected   Health   Information"   has   the   same   scope   and definition as set forth in 45 C.F.R. § 160.103.  Without limiting the generality of the foregoing, Protected Health Information includes, but is not limited to, individually identifiable health information, including demographic information, relating to: the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual, which identifies or reasonably could be expected   to   identify   the   individual.    Information   that   has   been   de-identified consistent with applicable HIPAA regulations does not constitute Protected Health

Information.  Without modifying the foregoing, Protected Health Information may include, but is not limited to: (x) medical bills, claims forms, charges sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanation of benefits, checks, notices, and requests, and may include notes, summaries, compilations, extracts, abstracts or oral communications that are based on or derived from Protected Health Information, regardless of form or format; and (y) information that contains the following identifiers of a patient/insured/member or of a relative, employer, or household member of a patient/insured/member:

(i)     names;

(ii)    all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

(iii)   all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;

(iv)    telephone numbers;

(v)     fax numbers;

(vi)    electronic mail addresses;

(vii)   social security numbers;

(viii)  medical record numbers;

(ix)    health plan beneficiary numbers;

(x)     account numbers;

(xi)    certificate/license numbers;

(xii)   vehicle identifiers and serial numbers, including license plate numbers;

(xiii)  device identifiers and serial numbers;

(xiv)  web universal resource locators ("URLs");

(xv)   internet protocol ("IP") address numbers;

(xvi)  biometric identifiers, including finger and voice prints;

(xvii) full face photographic images and any comparable images;

(xviii) any other unique identifying number, characteristic, or code (excluding such numbers, characteristics, or codes permitted under 45 CFR § 164.514(c)); and

Without modifying the foregoing, Protected Health Information may also include the individual electronic records or files contained in encrypted mass storage media used to produce Protected Health Information. Protected Health Information includes individually-identifiable health information that is "[t]ransmitted or maintained in any other form or medium" from electronic media. 45 CFR § 160.103. (Examples of such electronic or other media may include, by way of description and not limitation, paper copies or printouts, facsimiles, unencrypted files, or other mass storage devices upon which such Protected Health Information may be transmitted or maintained).

(j)   "Protected Person" means any person (including a Party) that, voluntarily or under compulsory process, provides or has provided any document, testimony, or other material in this action.

(k)     "Receiving Party" means a Party that has received a document, testimony, or other material in this action.

(l)     "This action" means the above-captioned action pending in this Court, including any pretrial, trial, post-trial, or appellate proceedings.

## B.   APPLICABILITY

2.     This Protective Order is applicable to Plaintiff and Defendant, any additional parties joined in this action, and any non-parties required to respond to discovery or otherwise participate in this action. The Protective Order's two purposes are facilitating discovery and protecting the confidentiality and other interests of the Parties and non-parties throughout the course of this action.

3.     This Protective Order authorizes the disclosure of information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act (the "HITECH Act"), including all applicable regulations and guidance issued by the Secretary of the United States Department of Health and Human Services (collectively, the "HIPAA Rules"), including specifically 42 C.F.R. Part 2 and 45 C.F.R. §§ 164.512(e)(1)(ii)(B), 164.512(e)(1)(v), as well as all applicable state laws and regulations regarding the privacy and security of personal information (collectively with the HIPAA Rules, the "Privacy and Security Rules"). This Protective Order constitutes a Qualified Protective Order, as that term is defined

in the Privacy and Security Rules. The Parties are expressly prohibited from using or disclosing information protected by the Privacy and Security Rules obtained pursuant to this Protective Order for any purpose other than this action.

**C.     DESIGNATION OF MATERIAL AS "CONFIDENTIAL" OR "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY"**

4.     **Designation of Confidential Information.** Any Protected Person may designate as "Confidential" any document, transcript, or other material disclosed in this action by that person (or a witness representative of that person) if the Protected Person reasonably and in good faith believes that the material contains the Protected Person's Confidential Information as defined in Paragraph 1(a) of this Protective Order.

5.     **Designation of Outside Attorneys' Eyes Only Information.**   Any Protected Person may designate as "Confidential - Outside Attorneys' Eyes Only" any document, transcript, or other material disclosed in this action by that person (or a witness representative of that person) if the Protected Person reasonably and in good faith believes that the material contains Protected Person's Outside Attorneys' Eyes Only Information as defined in Paragraph 1(f) of this Protective Order.

6.     **Designation of Confidential Health Information.** Any document, transcript, or other material disclosed in this action by any person that contains Confidential Health Information as defined in Paragraph 1(b) of this Protective Order must be designated as "Confidential", or, if it meets the definition set forth in

7

Paragraph 1(f) of this Protective Order, as "Confidential - Outside Attorneys' Eyes Only".

7.  **Designation Process.** The following rules govern the process for designating any document, transcript, or other material as "Confidential" or "Confidential - Outside Attorneys' Eyes Only":

(a)  A Protected Person that designates as "Confidential" or "Confidential - Outside Attorneys' Eyes Only" any document or other material, whether in hard copy or electronic form, must stamp or label each confidential page with the applicable designation of "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY".

(b)  Except as provided in Paragraphs 7(c) through 7(f) of this Protective Order, a "Confidential" or "Confidential - Outside Attorneys' Eyes Only" designation must be made to a document, transcript, or other material prior to its disclosure to any Protected Person or Party.

(c)  A Protected Person shall have the right to designate as "Confidential" or "Confidential - Outside Attorneys' Eyes Only" any document, transcript, or other material containing its Confidential Information if another Protected Person discloses such material without the appropriate confidentiality designation. To make such a designation for Confidential or Outside Attorneys' Eyes Only Information, the Protected Person must notify the Parties in writing as soon as

practicable after learning that the disclosed material contains its Confidential or Outside Attorneys' Eyes Only Information.  After receiving such notice, all Receiving Parties must thereafter treat the newly-designated material as "Confidential" or "Confidential - Outside Attorneys' Eyes Only" as applicable and the Receiving Parties must cooperate to restore the confidentiality of the newly-designated material. No prior disclosure or use of newly designated material shall be considered a violation of this Protective Order.

(d)    The inadvertent failure by a Protected Person to designate as "Confidential" or "Confidential - Outside Attorneys' Eyes Only" any document, transcript, or other material containing Confidential, Confidential Health, or Outside Attorneys' Eyes Only Information prior to its disclosure shall not be deemed a waiver in whole or in part of a claim that such material constitutes Confidential Information, Confidential Health Information, or Outside Attorneys' Eyes Only Information. A Protected Person may retroactively designate as "Confidential" or "Confidential - Outside Attorneys' Eyes Only" any document, transcript, or other material containing Confidential Information, Confidential Health Information, or Outside Attorneys' Eyes Only Information that it inadvertently disclosed by notifying the Parties in writing as soon as practicable, but in no event more than five days after learning of the inadvertent disclosure.  After receiving such notice, the Receiving Parties must thereafter treat the newly designated material as

"Confidential" or "Confidential - Outside Attorneys' Eyes Only" as applicable and the Receiving Parties must cooperate to restore the proper designation of the inadvertently disclosed material. No prior use or disclosure of newly designated material shall be considered a violation of this Protective Order.

(e)    A deposition transcript or portion thereof may be designated as "Confidential" or "Confidential - Outside Attorneys' Eyes Only" by making that designation on the record during the deposition or by denominating by page and line those portions of the deposition which are to be considered "Confidential" or "Confidential - Outside Attorneys' Eyes Only" within 30 days of receiving the final transcript and exhibits, and so informing all Parties and Protected Persons in writing of the designation. Until the 30-day period has passed, the deposition transcript in its entirety must be treated as if it were designated as "Confidential" under the terms of this Protective Order. If testimony is orally designated as "Confidential" or "Confidential - Outside Attorneys' Eyes Only" during the course of the deposition or prior to the 30-day period passing, the court reporter must (i) transcribe the pages so designated in a separate volume marked "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" as applicable or (ii) provide a version of the transcript with the designated materials redacted out.

(f)    Whenever a Party seeks discovery by subpoena from a non-party to this action, a copy of this Protective Order shall accompany the subpoena to allow

10

the non-party to designate material as "Confidential" or "Confidential - Outside Attorneys' Eyes Only" and obtain the protections provided in this Protective Order.

8.     **Objections to "Confidential" and "Confidential - Outside Attorneys' Eyes Only" Designations.** If any Party reasonably and in good faith believes that any particular document or other material is not properly subject to the confidentiality designation assigned to it, or should not be subject to this Protective Order, that Party must notify the designating Protected Person in writing and provide a description of the disputed material and a concise statement of the basis for the challenge, and serve copies of such notice to all other Parties. Counsel shall confer in good faith in an effort to resolve any dispute concerning the designation.

(a)     If an objection to a particular document or other material's confidentiality designation cannot be resolved by agreement, the objecting Party may move for a determination as to whether the designation is appropriate.  If a motion is filed, the protections afforded by the Protective Order regarding the confidentiality designation shall continue as originally designated until the court issues an order on the motion.  For the avoidance of doubt, the ultimate issue on any such motion will not be whether the designating party had a subjective "good faith" belief that the material qualified for the designation but whether the material objectively qualifies for that designation.

**D.    DISCLOSURE  AND  USE  OF  MATERIAL  DESIGNATED  AS "CONFIDENTIAL"  OR  "CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

9.    **Disclosure and Use of Material Designated as "Confidential" or "Confidential - Outside Attorneys' Eyes Only," Generally.** Except as agreed by the designating Protected Person or its counsel, or as otherwise provided in this Protective Order, a Receiving Party is subject to the following requirements: any material designated as "Confidential" or "Confidential - Outside Attorneys' Eyes Only":

(a)    must be maintained in confidence;

(b)    may be disclosed only to persons entitled to access thereto under the terms of this Protective Order;

(c)    may be used by such persons to whom it is disclosed only for the purposes of prosecuting or defending this action, and for no other purpose;

(d)    may be photocopied or otherwise reproduced only as reasonably necessary for this action; and

(e)    will be securely destroyed or returned at the conclusion of this action pursuant to the provisions of Paragraph 18 of this Protective Order.

10.    **Required Certification Prior to Disclosure of Material Designated as "Confidential" or "Confidential - Outside Attorneys' Eyes Only."** Before any material designated as "Confidential" or "Confidential - Outside Attorneys' Eyes

Only" may be disclosed to any person authorized to use such material as described in Paragraph 11(a)(iii)-(v) of this Protective Order, the person receiving the material must first read this Protective Order or must have otherwise been instructed on his or her obligations under the Protective Order by this Court or counsel for a Party, and shall have executed the Agreement Concerning Confidentiality, attached as **Appendix A** (for service providers to parties or their counsel, only one copy of the Agreement Concerning Confidentiality need be executed per entity, provided that such service provider has reasonable procedures in place for the handling of confidential information). Counsel for the Protected Person making the disclosure must retain the original of such executed agreement for a period of at least one (1) year following the final resolution of this action.

11.    **Authorized Users of "Confidential" or "Confidential - Outside Attorneys' Only" Material.**

(a)    Except as otherwise authorized by this Protective Order, any document, transcript, or other material designated as "Confidential" by a Protected Person pursuant to this Protective Order may not be disclosed to any person other than the persons set forth below, and may be disclosed to and used by the persons set forth below only in this action:

(i)    the Court and all persons assisting the Court in this action, including law clerks, court reporters, and stenographic or clerical personnel;

(ii) outside counsel acting for Plaintiff or Defendant in this action, that counsel's employees, and independent contractors assisting such counsel in the prosecution or defense of this action;

(iii) a Party's outside service-providers and consultants regarding document and ESI processing, hosting, review, and production, which includes any e-Discovery consultants and trial consultants;

(iv) court reporters and videographers in connection with the course of a deposition in this matter;

(v) persons (and their counsel) whom Plaintiff or Defendant believe, in good faith, had prior access to designated material, or who have been participants in a communication that is the subject of the designated material, provided that, before disclosure to such individuals, counsel shall confirm that the persons had access or were participants and that prior to such confirmation disclosure may be made to such persons only for the limited purpose of confirming such access or participation and only as much of the material may be disclosed as may be necessary to confirm the persons' access or participation;

(vi) authors, addressees, and recipients of designated material solely to the extent that they have previously had lawful access to the material disclosed or to be disclosed;

(vii) testifying or consulting experts retained by any Party to assist outside counsel in the prosecution or defense of this action, including employees of the firm with which the expert or consultant is associated to the extent necessary to assist the expert's work in this action;

(viii) persons not otherwise authorized to receive designated material solely to the extent that permission to disclose such material is received in writing from any Protected Persons who designated such materials;

(ix)   personnel of any Party actually engaged in the preparation of this action for trial or other proceeding herein, but only those individuals described in Paragraph 12 and only to the extent described therein.

(b)   Except as otherwise authorized by this Protective Order, any document, transcript, or other material designated as "Confidential - Outside Attorneys' Eyes Only" by a Protected Person pursuant to this Protective Order may not be disclosed by a Receiving Party to any person other than the persons set forth in Paragraphs 11(a)(i) to (viii), and may be disclosed to and used by the persons set forth in said Paragraphs only in this action.

(c)   Any person in possession of material designated as "Confidential" or "Confidential - Outside Attorneys' Eyes Only" by other Protected Persons must treat that material in accordance with the terms of the Protective Order for the entire period of time that such Person remains in possession of or maintains such material.

12.   **Disclosure to Party Personnel** Each Receiving Party may designate four Party Personnel who will be permitted access to material designated as "Confidential" by other Protected Persons pursuant to this Order, subject to the following limitations:

(a)   A Receiving Party seeking to designate personnel under this Paragraph shall provide notice to the opposing Party of the designee's identity and title;

(b)     G. Christopher Bernard, Amerique Dockery, Nicole Wotlinski, and Michael Ossy shall serve as the designated personnel on behalf of BCBSM;

(c)     Greg Bock, Karen Bolton, Deana Tammara, and Frank Punal shall serve as the designated personnel on behalf of A4;

(d)     Each Party will provide the opposing Party with a copy of the Agreement Concerning Confidentiality, **Appendix A**, to be executed by each designated personnel within 14 days after the date of the entry of this Order;

(e)     Except as permitted under Paragraph 11(a)(i)-(viii) or upon the prior written consent of the producing party, no Receiving Party personnel, including, but not limited to, designated personnel, will be permitted access to any material designated by another Protected Person as "Confidential - Outside Attorneys' Eyes Only".

(f)     Notwithstanding any provision above, this Order shall not prevent or restrict outside counsel from providing advice to designated personnel identified in Paragraphs 12(b) and (c) above, and in the course of providing advice, relying generally on general descriptions of documents designated as "Confidential - Outside Attorneys' Eyes Only."  Such advice, however, cannot include the disclosure of specific quantitative information or competitive plans.

13.     **Disclosure of Material Designated as "Confidential" or "Confidential - Outside Attorneys' Eyes Only" in Pretrial and Trial**

**Proceedings in this Action.** If any document, testimony, or other material designated as "Confidential" or "Confidential - Outside Attorneys' Eyes Only" under this Protective Order is included in any pleading, motion, exhibit, or other paper to be filed with the Court, the Party seeking to file such material must follow the procedures set forth in the Federal Rules of Civil Procedure and Eastern District of Michigan Local Rule 5.3 and 26.4 and seek to have such material filed under seal. Nothing in this Protective Order shall restrict any person, including any member of the public, from challenging the filing of any material under seal. Any courtesy copies served on the court shall be unredacted and complete, and shall be provided to the Court labeled with the caption of the suit, a reference to the corresponding document number on file with the court, and marked "Filed Under Seal" along with the words "Confidential," "Confidential−Attorneys' Eyes Only," or "Confidential−Outside Counsel Only."

14.    **Disclosure of Confidential Health Information.** Prior to production of Confidential Health Information, the Protected Person must encrypt such Confidential Health Information, as well as any documents or files containing such Confidential Health Information, using a means or process that renders the Confidential Health Information unusable, unreadable, or indecipherable to unauthorized individuals.  Encryption is not required while the Confidential Health Information is in use.

17

15.    **Redaction of Confidential Health Information.**  If a Protected Person determines that information it plans on producing constitutes Confidential Health Information, it may, but is not required to, redact any Confidential Health Information, or take suitable precautions in order to protect the privacy of its members, subscribers, or patients, but only to the extent such redaction or other precaution does not result in prejudice to another Party in this action. If redaction or other precautions may result in prejudice to a Party in this action, including but not limited to by restricting access to relevant data or information, or will require redactions to structured data productions, the Protected Person will first consult with the Parties in good faith to determine if agreement can be reached on a method for de-identifying the information such that it no longer constitutes Confidential Health Information.  The parties may enter into stipulations concerning de-identification procedures applicable to categories of information.  To the extent a party redacts Confidential Health Information without first reaching an agreement with the other Parties, it shall provide the Receiving Parties a log within 30 days of the production identifying, for each redaction: the document in which the redaction was made; the basis for the redaction; and the subject matter that was redacted (*e.g.*, name, home address, social security number).

16.    **Safeguards for Confidential Health Information.** The Parties also seek to ensure that any person who receives and stores Confidential Health

Information produced pursuant to this Protective Order shall maintain the information in a reasonably secure manner, including to prevent unpermitted use or disclosure.

17.     **Disclosure or Use Beyond the Terms of this Protective Order.** Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the Protected Person designating the information as "Confidential" or "Confidential - Outside Attorneys' Eyes Only" consents in writing to such disclosure of its designated material. If any Party obtains written consent from a Protected Person to the disclosure and/or use of material designated as "Confidential" or "Confidential - Outside Attorneys' Eyes Only" on terms broader than those set forth in this Protective Order, the terms of such written consent govern the permitted disclosure and/or use of such material.

**E.     PROCEDURES UPON TERMINATION OF THIS ACTION**

18.     Within 90 days after receiving notice of the entry of any Protective Order, judgment, or decree marking the termination of this action, all persons having received material designated as "Confidential" or "Confidential - Outside Attorneys' Eyes Only" must either make a good faith effort to return such material and all copies thereof to the Protected Person that produced it, or destroy all such designated material and certify that fact in writing to that person. Outside counsel for Plaintiff and Defendant will be entitled to retain court papers, deposition and trial transcripts

and exhibits, and work product, provided that counsel (and their respective employees) do not disclose the portions of court papers, deposition transcripts, exhibits, or work product containing material designated as "Confidential" or "Confidential - Outside Attorneys' Eyes Only" to any person except pursuant to the Protective Order or agreement with the person that produced the material designated as "Confidential" or "Confidential - Outside Attorneys' Eyes Only."  All material designated as "Confidential" returned to the Parties or their counsel by the Court likewise must be disposed of in accordance with this paragraph.

19.    For purposes of this Protective Order, the "termination of this action" shall be deemed to be the latter of (i) full settlement of all claims; (ii) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials and reviews, if any, of this action (excluding any time period under which the court has supervision or oversight over any relief issued through a consent decree or any non-preliminary injunction issued by the court); or (iii) the expiration of all time limits under applicable state or federal law for the filing of or application for all appeals, rehearings, remands, trials or reviews of this action, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law. Any time period under which the court has supervision or oversight over any relief issued through a consent decree or any non-preliminary injunction issued by the court will not be considered after the conclusion of this action.

## F.   RIGHT TO SEEK MODIFICATION

20.   Nothing in this Protective Order prevents any person, including members of the public, from seeking modification of this Protective Order, upon motion made pursuant to the rules of this Court.

Consent as to form and entry:


**BOIES SCHILLER FLEXNER LLP**
*/s/ Richard A. Feinstein (with consent)*
By: Richard A. Feinstein (admitted in E.D. Mich., D.C. Bar 324848)
*Counsel for Anesthesiology Associates of Ann Arbor, PLLC*

**BODMAN PLC**
*/s/ Sarah L. Cylkowski*
By: Sarah L. Cylkowski (P75952)
*Counsel for Blue Cross Blue Shield of Michigan Mutual Insurance Company*


SO ORDERED:

/s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: August 30, 2021

21

**APPENDIX A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Anesthesia Associates of Ann )
Arbor, PLLC, )
)
        Plaintiff, )
) Case No: 2:20-cv-12916-TGB-APP
v. )
) Judge Terrence G. Berg
BLUE CROSS BLUE SHIELD OF )
MICHIGAN, ) Magistrate Judge Anthony P. Patti
)
        Defendant. )
)
)
)
)
)
)
)
)
)
)

## <u>AGREEMENT CONCERNING CONFIDENTIALITY</u>

I have received a copy of and agree to be bound by the terms of the Protective

Order Concerning Confidentiality ("Protective Order") entered in the above-caption

action. I understand that pursuant to the Protective Order, information disclosed in

this matter through discovery shall be held confidential pursuant to the terms of the

Protective Order.  I hereby agree to be bound by the terms of the Protective Order,

1

including all provisions relating to the treatment of information or documents designated as "Confidential" or "Confidential - Outside Attorneys' Eyes Only."

I will access and review material that may be provided to me during this action solely for the purpose of my role in assisting with prosecuting or defending this action, and for no other purpose whatsoever. I further agree that I will not disclose any material to any person except as allowed by the terms of the Protective Order.

I understand that failure to comply with the terms of the Protective Order may be punishable by contempt of court and may result in civil liability to any party or person damaged thereby or criminal prosecution. I consent to the jurisdiction of the United States District Court for the Eastern District of Michigan (without any time limit) for the purpose of enforcing the Protective Order and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

Dated this ___ day of _____, 20__.

By: _____
    Print
    _____
    Signature